IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathaniel Bradley, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:07- 1654-MBS-BM |
| v. | ) | |
| | ) | |
| Sumter County co William Noonan | ) | |
| Lee County, co Jimmy Lacoste | ) | |
| Simon Major Director SLRDC | ) | **REPORT AND RECOMMENDATION** |
| Dr Bush Medical Director , | ) | |
| Southern Health Partners co Phil | ) | |
| Mack, Jackie Richards, Sammy | ) | |
| Rembert | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was a pretrial detainee at the Sumter/Lee Regional Detention Center,[1] alleges violations of his constitutional rights by the named Defendants.

The Defendants Southern Health Partners, Jackie Richards and "Dr. Bush" filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 1, 2007. As the

---

[1]While no formal change of address notice has ever been provided to the Court, the file reflects that Plaintiff is now an inmate with the South Carolina Department of Corrections, housed at the Broad River Correctional Institution.



Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 4, 2007, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted. By order filed January 2, 2008, Plaintiff was granted an extension of time to February 15, 2008 to complete his discovery and to file a response to this motion. See Court Docket No. 67.

The Defendants Sumter County, Sammy Rembert and Simon Major filed a motion for summary judgment on February 4, 2008, following which a second Roseboro order was entered on February 5, 2008. That Roseboro order allowed Plaintiff until March 10, 2008 to respond to this motion. Thereafter, on February 7, 2008, Plaintiff filed his own notice of motion and motion for summary judgment which, in light of Plaintiff's pro se status, the Court has considered both as a motion and as Plaintiff's response to the Defendants' pending motions for summary judgment.[2] Sumter County, Rembert and Major filed a response to Plaintiff's motion on February 25, 2008, and the Defendants Richards, Bush and Southern Health Partners filed a response on March 4, 2008.

On February 13, 2008, the Defendant Lee County filed a motion for summary judgment, following which a third Roseboro order was entered on February 15, 2008. That Roseboro order granted Plaintiff until March 20, 2008 to file a response to that motion. However, Plaintiff has never filed any response to the Defendant Lee County's motion for summary judgment.

All of these motions are now before the Court for disposition.[3]

---

[2]No other responses or memoranda in opposition have been received from the Plaintiff to either of these motions.

[3]This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



2

**Background and Evidence**

Plaintiff alleges in his verified Complaint[4] that (at the time of the filing of the Complaint) he was a detainee at the Sumter/Lee Detention Center and that his constitutional rights were being violated in several respects. First, Plaintiff complains that he was denied dental treatment, because he was told he would have to pay $100.00 for that treatment. Plaintiff also alleges that he was forced to pay for non-prescription medications such as Tylenol and sinus medications, which should have been issued to prisoners free of charge. Plaintiff alleges that the only reason prisoners were being charged was because the Defendants Bush, Major, Sumter Health Partners, and Sumter and Lee Counties were engaging in "wrongful financial gain & embezzlement."

Plaintiff also complains that there was no certified dietician available at the Detention Center, with inmates instead deciding on menus and what would be served. Plaintiff complains that inmates only received meat three days a week, and also received inadequate or "no" juice, milk, "or necessary food products". Plaintiff complains that there is "price gouging" going on with respect to charges for phone cards, with the fees for these cards being "excessively high". In an "amendment" to his Complaint (Court Docket No. 15), Plaintiff further complains that Southern Health Partners

---

[3](...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[4]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Since Plaintiff has filed a verified Complaint, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

3



(through nurse Jackie Richards) is largely liable for denying emergency dental care and for not providing over the counter medications, and that Richards should be personally liable in this case for these deprivations. Plaintiff further complains that the Defendant Rembert (identified as the head cook at the Detention Center) is not a certified dietician and doesn't even cook or prepare meals. Plaintiff also claims that the Defendant Major allows different servings of meat, juice, etc. to different "pods" at the jail, which is unfair and discriminatory.

Plaintiff seeks monetary damages against all of the Defendants for these alleged constitutional violations. See generally, Verified Complaint and Amended Complaint.

The Defendants have submitted numerous affidavits and other exhibits in support of summary judgment in this case. Among these is an affidavit from Daryl McGhaney, the Assistant Director of the Sumter/Lee Regional Detention Center. McGhaney attests that, as Assistant Director, he is in charge of overseeing the daily operations of the Detention Center. In addition to other facts, McGhaney attests that he has reviewed Plaintiff's grievance file, a copy of which is attached to his affidavit as Exhibit A, and that Plaintiff has not filed a grievance based on medical care, dental care, the telephone system, or the food service at the Detention Center. A review of the grievances attached to McGhaney's affidavit confirms that none of these grievances relate to the claims Plaintiff is presenting in this lawsuit. See generally, McGhaney Affidavit, with attached Exhibits.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the

4



pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.  Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Even though Plaintiff has now been transferred and is no longer incarcerated at the Sumter/Lee Regional Detention Center, his claim for monetary damages survives his transfer to the South Carolina Department of Corrections. Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). However, after careful review of the exhibits presented as well as the arguments of the parties, the undersigned finds and concludes that the Defendants are nevertheless entitled to dismissal of this case for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[5] under section

---

[5] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (quoting 18 U.S.C. § 3262(g)(2));  Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238
(continued...)

5



1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the Detention Center.

        The Fourth Circuit has held that it is the Defendant who has the burden of showing that a Plaintiff failed to exhaust his or her administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]. All of the Defendants have asserted the affirmative defense of failure of the Plaintiff to exhaust his administrative remedies in their answers, and Defendants' support their argument for dismissal of Plaintiff's claims on this ground through submission of an affidavit from the jail administrator responsible for overseeing the operation of the jail, as well as with copies of Plaintiff's own grievances. As previously noted, none of the grievances provided to the Court address the claims

---

[5](...continued)
F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).

6



set forth in this lawsuit, nor has Plaintiff presented any evidence to this Court to show that he pursued grievances with respect to these claims, or that even if he did, he exhausted his administrative remedies on these claims prior to filing this lawsuit. See Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not exhausted where inmate did not appeal denial].

The only reference Plaintiff makes to this issue in his memorandum in support of his motion for summary judgment is where, after discussing his alleged inability to obtain antibiotics, he makes the statement that he "wrote a grievance to the Director on the issue." However, Plaintiff has not provided the Court with a copy of any such grievance, nor does he even reference in his memorandum having filed grievances with respect to any of his other claims, nor does he address the Defendants' evidence showing that he failed to file grievances with respect to these issues.[6] The Court is not required to simply accept Plaintiff's general and conclusory statement that he filed a grievance with respect to one of the issues presented in his Complaint when there is contrary documentary evidence. Morgan v. Churchs Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) [The Court is not required to "accept as true legal conclusions or unwarranted factual inferences"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Sylvia Development Corp., 48 F.3d at 818 [explaining that while the

---

[6] It is also worth noting that Plaintiff's statement in his memorandum directly contradicts a statement he made in his verified Complaint, where he claims that he was "not allowed by c/o's in Echo Pod" to file grievances. See Verified Complaint. § II, ¶ C. This statement in his Complaint is, of course, itself contradicted by the copies of numerous grievances filed by the Plaintiff which have been submitted by the Defendants in support of summary judgment in this case. Sylvia Dev.Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995) ["Whether an inference [raised by a plaintiff] is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary"].

7



party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)]; Rule 56(e), Fed.R.Civ.P. [once the moving party satisfies its burden of showing that judgment on the pleadings is appropriate, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial"]; Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies].

Therefore, as Plaintiff has failed to present a sufficient issue of fact as to whether he exhausted his administrative remedies through the jail grievance process with respect to any of his claims, the Defendants are entitled to dismissal of these claims. Harvey v. City of Philadelphia, 253 F.Supp.2d at 829 [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]; *cf.* Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motions for summary judgment be **granted**, that the Plaintiff's motion for summary judgment be **denied**, and that this case



be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.[7]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

May 5, 2008

---

[7] In addition to the defense of failure by the Plaintiff to exhaust his administrative remedies, the Defendants have also submitted significant evidence and exhibits to support summary judgment in this case on other grounds. However, in light of the undersigned's finding that Plaintiff has failed to exhaust his administrative remedies so as to allow him to even bring these claims, these other defenses have not been analyzed or discussed.

9



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

10

