IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Bradley, ) | |
| ) | C/A No. 0:07-1654-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Sumter County c/o William Noonan; ) | |
| Lee County c/o Jimmy Lacoste; Simon ) | **O R D E R** |
| Major, Director SLRDC; Dr. Bush, Medical ) | |
| Director; Southern Health Partners, ) | |
| c/o Phil Mack; Jackie Richards; ) | |
| Sammy Rembert, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying complaint, Plaintiff Nathaniel Bradley was a pre-trial detainee housed at the Sumter-Lee Regional Detention Center in Sumter, South Carolina. Plaintiff, proceeding pro se, filed a complaint on June 14, 2007. The complaint was signed by numerous other inmates and detainees, and alleged that their constitutional rights had been violated in various respects. Plaintiff filed an amended complaint on his own behalf on July 3, 2007.

This matter is before the court on motion for summary judgment filed by Defendants Richards, Bush, and Southern Health Partners on December 1, 2007. On December 4, 2007, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately.

Also before the court is motion for summary judgment filed by Defendants Sumter County, Rembert, and Major on February 4, 2008. A second Roseboro order was issued on February 5, 2008.

Also before the court is Plaintiff's motion for summary judgment filed February 7, 2008. Defendants Sumter County, Rembert, and Major filed a response in opposition to Plaintiff's motion

on February 25, 2008. Defendants Richards, Bush, and Southern Health Partners filed a response in opposition to Plaintiff's motion on March 4, 2008.

Also before the court is motion for summary judgment filed by Lee County on February 13, 2008. A third Roseboro order was issued on February 15, 2008.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On May 6, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendants' motions for summary judgment be granted, Plaintiff's motion for summary judgment be denied, and the case dismissed without prejudice to allow Plaintiff to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation. Accordingly, Defendants' motions for summary judgment (Entries 56, 72, 77) are granted to the extent Defendants assert that Plaintiff has failed to exhaust his administrative remedies. Plaintiff's motion for summary judgment (Entry 75) is denied. The case is dismissed

without prejudice to allow Plaintiff to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

May 30, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**